Justice Thomas,
dissenting.
I continue to disagree with the remedy fashioned in United States v. Booker, 543 U. S. 220, 258-265 (2005). The Court’s post-Booker sentencing cases illustrate why the remedial majority in Booker was mistaken to craft a remedy far broader than necessary to correct constitutional error. The Court is now confronted with a host of questions about how to administer a sentencing scheme that has no basis in the statute. Because the Court’s decisions in this area are necessarily grounded in policy considerations rather than law, I respectfully dissent.
In Booker, the Court held that the Federal Sentencing Guidelines violate the Sixth Amendment insofar as they permit a judge to make findings that raise a sentence beyond the level justified by the “ Tacts reflected in the jury verdict or admitted by the defendant.’ ” Id., at 232 (quoting Blakely v. Washington, 542 U. S. 296, 303 (2004); emphasis deleted). In my view, this violation was more suitably remedied by requiring any such facts to be submitted to the jury. Booker, 543 U. S., at 323-325 (Thomas, J., dissenting in part). That approach would have been consistent with our longstanding presumption of the severability of unconstitutional applications of statutory provisions. Id., at 322-323. And it would have achieved compliance with the Sixth Amendment while doing the least amount of violence to the mandatory sentencing regime that Congress enacted. Id., at 324-326. The Court, however, chose a more sweeping rerpedy. Despite acknowledging that under the mandatory Guidelines not “every sentence gives rise to a Sixth Amendment violation,” the Court rendered the Guidelines advisory in their entirety and mandated appellate review of all sentences for “reasonableness.” Id., at 268. Because the Court’s “solu *115 tion fail[ed] to tailor the remedy to the wrong,” I dissented from the remediál opinion. Id., at 313.
As a result of the Court’s remedial approach, we are now called upon to decide a multiplicity of questions that have no discernibly legal answers. Last Term, in Rita v. United States, 551 U. S. 338 (2007), the Court held that a Court of Appeals may treat sentences within the properly calculated Guidelines range as presumptively reasonable. Today, in Gall v. United States, ante, p. 38, the Court holds that a Court of Appeals may not require sentences that deviate substantially from the Guidelines range to be justified by extraordinary circumstances. And here the Court holds that sentencing courts are free to reject the Sentencing Guidelines’ 100-to-l crack-to-powder ratio.
These outcomes may be perfectly reasonable as a matter of policy, but they have no basis in law. Congress did not mandate a reasonableness standard of appellate review— that was a standard the remedial majority in Booker fashioned out of whole cloth. See 543 U. S., at 307-312 (Scalia, J., dissenting in part). The Court must now give content to that standard, but in so doing it does not and cannot rely on any statutory language or congressional intent. We are asked here to determine whether, under the new advisory Guidelines regime, district courts may impose sentences based in part on their disagreement with a categorical policy judgment reflected in the Guidelines. But the Court’s answer to that question necessarily derives from something other than the statutory language or congressional intent because Congress, by making the Guidelines mandatory, quite clearly intended to bind district courts to the Sentencing Commission’s categorical policy judgments. See 18 U. S. C. § 3553(b) (2000 ed. and Supp. V) (excised by Booker). By rejecting this statutory approach, the Booker remedial majority has left the Court with no law to apply and forced it to assume the legislative role of devising a new sentencing scheme.
*116 Although I joined Justice Scalia in Rita accepting the Booker remedial opinion as a matter of “statutory stare decisis,” 551 U. S., at 368 (opinion concurring in part and concurring in judgment), I am now convinced that there is no principled way to apply the Booker remedy — certainly not one based on the statute. Accordingly, I think it best to apply the statute as written, including 18 U. S. C. § 3553(b), which makes the Guidelines mandatory. Cf. Dickerson v. United States, 530 U. S. 428, 465 (2000) (Scalia, J., dissenting).
Applying the statute as written, it is clear that the District Court erred by departing below the mandatory Guidelines range. I would therefore affirm the judgment of the Court of Appeals vacating petitioner’s sentence and remanding for resentencing.